IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HOWARD STREET                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 1:22-cv-158-TBM-RPM

GCRCF, *et al.*                                                                                     DEFENDANTS

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Howard Street filed this lawsuit on June 28, 2022, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 9 S.Ct. 1999, 29 L.Ed.2d 619 (1971). [1], p. 3. Street is proceeding *in forma pauperis* [7]. During the Court's preliminary screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.*, Street filed a letter to advise that he filed this lawsuit in "the wrong court." [10], p. 1. He asked this Court to "forward" his case to the George County Circuit Court because he wishes to pursue "state post conviction" relief. [10], p. 1.

On September 15, 2022, the Court entered an Order [11] to inform Street that it "does not have the authority to . . . remand or transfer a case to state court if the matter was not initially filed in state court and subsequently removed to federal court." [11], p. 1 (quotation omitted). Instead, the Court ordered Street to file a written response on or before September 29, 2022, to confirm that he wants to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(1)(A). [11], p. 1. The Order [11] warned Street that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissal without prejudice and without further notice." [11], p. 2. The Order [11] was mailed to Street at

his last-known mailing address, and it was not returned to the Court as undeliverable. Street did not respond by the September 29 deadline.

On October 3, 2022, the Court ordered Street to show cause why this case should not be dismissed for his failure to respond. The Court extended Street's responsive deadline to October 17, 2022, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [13], pp. 1-2. The Order to Show Cause [13] was mailed to Street at his last-known mailing address, and it was not returned to the Court as undeliverable. Street did not respond by the October 17 deadline, and he has not communicated with the Court about his lawsuit since his letter [10] dated September 14, 2022.

The Court may dismiss an action for Street's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Servs., LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id*. (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Street has failed to comply with the Court's Orders [13] [12], and he indicated a preliminary intent to dismiss this lawsuit [10], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE.** This CASE is CLOSED.

THIS, the 10th day of November, 2022.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**